**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

ALEXIS RINCON-CORRALES,   )
A 249-007-448        )
             )  Case No. 25-801
    Petitioner,    )
             )
 v.           )
             )
Kristi Noem, Secretary of the Department )
of Homeland Security; Pamela Bondi,  )
Attorney General of the United States;  )
Michael Bernacke, Director of the Salt  )
Lake City Field Office, Enrique Lucero, )
Director of the El Paso Field Office, Dora )
Castro, Warden of the Otero County  )
Processing Center,      )
             )
    Respondents.   )
_____)

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (TRO)**

**AND PRELIMINARY INJUNCTION**

**I. CERTIFICATION OF EMERGENCY**

   Pursuant to Rule 27(e) of the Nevada Rules of Appellate Procedure, undersigned counsel certifies that this motion presents an emergency requiring immediate attention. On May 6, 2025, Petitioner Alexis Rincon-Corrales was transferred from the Henderson Detention Center in Nevada to the Otero County Processing Center in New Mexico. This transfer occurred without notice, just three days before a scheduled bond hearing on May 9, 2025 and shortly before an individual hearing on May 23, 2025, both of which were canceled as a result.

   This sudden relocation has impaired Petitioner's access to counsel, obstructed his ability to prepare and participate in proceedings, and threatens his right to due process.

Counsel contacted the U.S. Attorney's Office for the District of Nevada via email on May 7, 2025 at 7:44 p.m. to notify them of the emergency nature of this motion. This motion is brought in good faith and not for purposes of delay.

## II. INTRODUCTION

Petitioner, a 21-year-old asylum seeker with active immigration court proceedings in Las Vegas, Nevada, was suddenly and arbitrarily transferred to a remote ICE facility in New Mexico. The transfer occurred without justification and resulted in the cancellation of hearings and disruption of legal representation.

Petitioner respectfully seeks immediate court intervention to:

- Return him to the jurisdiction of the Las Vegas Immigration Court;

- Reinstate the canceled hearings;

- Prohibit future transfers absent court approval.

## III. LEGAL STANDARD

Under *Winter v. NRDC*, 555 U.S. 7 (2008), injunctive relief is appropriate where:

1. The movant is likely to succeed on the merits;

2. The movant will suffer irreparable harm without relief;

3. The balance of equities favors the movant; and

4. The public interest supports the injunction.

## IV. ARGUMENT

Petitioner is likely to succeed on his Fifth Amendment due process and APA claims. ICE's transfer violated EOIR regulations and obstructed access to legal proceedings. The harm is ongoing, severe, and irreparable—canceled hearings, severed access to counsel, and the risk of deportation without proper adjudication.

The balance of equities favors Petitioner, and the public interest demands adherence to constitutional guarantees and procedural fairness in immigration adjudications.

## V. REQUEST FOR RELIEF

Petitioner respectfully asks the Court to:

1.   Grant a Temporary Restraining Order requiring immediate return of Petitioner to the jurisdiction of the Las Vegas Immigration Court;

2.   Reinstate the May 9, 2025 bond hearing and May 23, 2025 individual hearing;

3.   Issue a Preliminary Injunction prohibiting ICE from transferring Petitioner again during the pendency of this action without notice to the Court;

4.   Grant any additional relief the Court deems just and proper.

Daniel F. Lippmann, Esq.
2580 Sorrel Street
Las Vegas, Nevada 89146
info@lipplaw.vegas
*Attorney for Petitioner*

Date: May 7, 2025